1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                        **DISTRICT OF NEVADA**
10
11  UNITED STATES OF AMERICA,        )      3:13-cr-00002-HDM-VPC
                                     )
12                  Plaintiff,       )
                                     )
13  vs.                              )      ORDER
                                     )
14  FABIAN BARRAGAN LOMBERA,         )
                                     )
15                  Defendant.       )
    _____    )
16

17      Before the court is defendant Fabian Barragan Lombera's

18  ("Lombera") motion under 28 U.S.C. § 2255 to vacate, set aside, or

19  correct sentence by a person in federal custody (#48). The

20  government has responded (#57); Lombera did not file a reply.

21  **Case History**

22      On December 19, 2012, members of the Reno Police Department

23  Street Enforcement Team (SET) met with a confidential source (CS),

24  who claimed he could set up the delivery of 12 pounds of

25  methamphetamine to Reno from a source he knew as "Tinzoo" (later

26  identified as the defendant, Lombera) in Fresno, California (#29,

27  pp.3-4). The next day, a SET Detective monitored a phone call from

28  the CS to "Tinzoo," to purchase methamphetamine in Nevada. Tinzoo

                                     1

said he couldn't deliver 12 pounds, but that he could deliver 7 pounds of methamphetamine and would leave Fresno in the morning. *Id.* at 4.

The next day, Lombera was arrested at a Chevron station just outside of Reno, Nevada, after officers intercepted the vehicle he was driving and found five individually wrapped packages of a substance that field-tested positive for the presence of methamphetamine. Laboratory analysis determined the packages contained 2184 grams of actual methamphetamine. *Id.* at 5.

On July 24, 2013, Lombera pled guilty to possessing with intent to distribute 500 grams or more of methamphetamine (#29). On December 23, 2013, the court sentenced him to a term of 188 months' imprisonment pursuant to a one-level downward variance from the 210 to 262 guideline range. RT Sentencing 19-22. Lombera did not file a direct appeal.

The instant motion is Lombera's first claim for relief under 28 U.S.C. § 2255. He timely filed the motion on November 10, 2014, #48, within one year after the court's entry of judgment on January 3, 2014 (#43).

**Legal Standard**

Pursuant to § 2255, a federal inmate may move to vacate, set aside, or correct his sentence if: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *Id.* § 2255.

Ineffective assistance of counsel is a cognizable claim under § 2255. *Bauman v. United States*, 692 F.2d 565, 581 (9th Cir. 1982).

In order to prevail on such a claim, the defendant must meet a two-prong test to show both deficient performance of counsel and resulting prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

First, the defendant must show that his counsel's performance fell below an objective standard of reasonableness. *Id.* at 687-88. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id.* at 688. Additionally, in considering the conduct of defendant's counsel, a court must be highly deferential. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland* 466 U.S. at 689 (citing *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158, 164).

This presumption of reasonableness means the court must "give the attorneys the benefit of the doubt," and must also "affirmatively entertain the range of possible reasons counsel may have had for proceeding as they did." *Cullen v. Pinholster*, 131 S.Ct. 1388, 1407 (2011) (internal quotation marks and alterations omitted). Counsel is granted wide latitude in making tactical decisions. *Strickland*, 466 U.S. at 689.

Second, if there was a deficiency in counsel's performance, the defendant must show it prejudiced his defense. *Strickland*, 466 U.S. at 687. This requires demonstrating "a reasonable probability that, but for counsel's unprofessional errors, the result of the

3

proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

A court need not address both components of the inquiry if the defendant makes an insufficient showing on one. *Strickland*, 466 U.S. at 697.

**Lombera's Motion**

Lombera advances two grounds for relief in his motion: defendant's trial counsel was ineffective for (1) failing to seek suppression of the evidence obtained by dog sniffs; and (2) failing to seek suppression of all of the evidence seized without a valid search warrant after defendant had been removed and secured.

Lombera states Supreme Court precedents support ground one and Ninth Circuit and Supreme Court precedents support ground two. He does not cite to or elaborate on these precedents.

**Analysis**

Although pro se pleadings are liberally construed, pro se litigants are bound by the rules of procedure that govern other litigants. *Ghazali v. Moran*, 46 F.3d 52 (9th Cir. 1995) (per curiam) (citation omitted). Motions under § 2255 may be dismissed if they are unduly vague or conclusory. *See Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989) (vague or conclusory claims without supporting factual allegations warrant summary dismissal of § 2255 motion).

Lombera's assertions are conclusory, with vague legal authority, but sufficiently pled for the court to consider them on their merits. The record reveals Lombera stated he was satisfied with his counsel at the time of the entry of his plea, that he

understood the rights he was giving up by entering a guilty plea,
and that he nonetheless wished to plead guilty because he was
interested in a favorable plea bargain.

On the date of his change of plea, the following dialogue took
place:

> THE COURT: Any defenses you may have had to this offense; for
> example, *a violation of your Constitutional rights in*
> *connection with the search that was conducted*, statements that
> you made, if they were made in violation of your
> Constitutional rights, you can't raise those at a later time
> if you enter a plea of guilty. Do you understand that?
> DEFENDANT LOMBERA: Yes, sir.

#54 at 6:18-25 (emphasis added). Earlier, Lombera had
acknowledged he was satisfied with his representation by his
attorney, Cheryl Filed-Lang.

> THE COURT: Have you been able to converse with Ms. Field-Lang?
> DEFENDANT LOMBERA: Yes, sir.
> THE COURT: And are you satisfied with her representation of
> you?
> DEFENDANT LOMBERA: Yes, sir.
> THE COURT: Has she failed do [sic] anything you wanted her to
> do on your behalf?
> DEFENDANT LOMBERA: No, sir.

*Id.* at 2:23-3:6. Lombera's counsel asserts she discussed with
Lombera possible defenses and defense motions, including
specifically the dog sniff and vehicle search (#57, Declaration of
Cheryl Field-Lang, ¶6). She advised him, based on her research, the
facts and the evidence, that he was unlikely to prevail on those
motions. *Id.* Lombera has provided no evidence or argument to
dispute this conclusion. "[S]trategic choices [by counsel] made
after thorough investigation of law and facts relevant to plausible
options are virtually unchallengeable." *Strickland*, 466 U.S. at
689-90.

The record shows not only that Lombera was aware of the option

to seek to suppress evidence obtained through dog sniffs and the vehicle search, but also that he and his counsel specifically discussed the viability of such defenses and determined a plea bargain was in his best interest. In fact, Lombera "indicated what he wanted was the 'best deal' [his counsel] could get for him in exchange for a guilty plea; Lombera thereafter knowingly and voluntarily entered into plea negotiations[.]" (#57, Declaration of Cheryl Field-Lang, ¶7)

Lombera has provided no evidence, legal citations, or analysis sufficient to conclude his counsel's performance was deficient and fell below an objectively reasonable standard. Moreover, he has provided no evidence, legal citations, or analysis sufficient to conclude that had such a deficiency existed, it would have prejudiced his defense.

**Conclusion**

In light of the record, the court finds Lombera has failed to demonstrate ineffective assistance of counsel under the standard set in *Strickland v. Washington*. Accordingly, and based on the foregoing, defendant Fabian Barragan Lombera's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody (#48) is **DENIED.**

IT IS SO ORDERED.

DATED: This 27th day of April, 2015.

_____
UNITED STATES DISTRICT JUDGE